# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRANCE D. WILLIAMS, | ) | |
| BOP # 06406-003, | ) | |
| AIS # 00240169, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:22-00058-TFM-N |
| | ) | |
| WARDEN ROSALEZ, | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Terrance D. Williams, a prisoner in federal custody proceeding without counsel (*pro se*), filed a habeas petition under 28 U.S.C. § 2254 dated February 3, 2022 (Doc. 1), with the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit received said petition on February 7, 2022 (*see id.*, PageID.1), and subsequently directed that it be transferred to this Court under Federal Rule of Appellate Procedure 22(a) (*see* Doc. 1-1, PageID.14). The assigned District Judge has referred the petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (2/17/2022 electronic reference); (Doc. 2).

Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. After preliminary review of the habeas petition under Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts, the undersigned finds that it plainly appears Williams is not entitled to relief because the petition is an unauthorized successive petition, and is thus due be **DISMISSED without prejudice** for lack of jurisdiction.

### I.     *Analysis*

#### a.     **Second or Successive Petition**

Williams's present petition challenges a criminal judgment of 20 years imprisonment, based on a conviction for "trafficking-cocaine," entered against him on or about March 17, 2005,[1] by the Circuit Court of Baldwin County, Alabama.[2] However, the records of this Court reflect that Williams already filed a § 2254 habeas petition in 2007 challenging that same criminal judgment. (*See* S.D. Ala. Case No. 1:07-cv-00196 PageID.1-12).[3] After receiving an answer from the respondent in that case, the Court denied Williams's 2007 petition on September 14, 2007, finding that one claim was procedurally defaulted and the others were

---

[1] " 'Final judgment in a criminal case means sentence. The sentence is the judgment.' " *Burton v. Stewart*, 549 U.S. 147, 156, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam) (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 82 L. Ed. 204 (1937)). However, for purposes of federal habeas review of a state court criminal judgment, "there is only one judgment, and it is comprised of both the sentence and the conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam).

[2] Though Williams is currently confined in a Federal Bureau of Prisons Facility, he is also listed as an inmate with the Alabama Department of Corrections under the Baldwin County judgment, with his institution of confinement listed as "Federal Prisons – Act86." (*See* http://www.doc.state.al.us/InmateSearch (last searched for "Terrance Williams" on Apr. 20, 2022)). Accordingly, Williams appears to still be in custody under the Baldwin County judgment.

[3] "A court may take judicial notice of its own records…" *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

without merit. (*See* S.D. Ala. Case No. 1:07-cv-00196 PageID.510-516, 526-527). Williams's appeal of that judgment was dismissed on October 26, 2007, due to his failure to timely pay the appellate docketing and filing fees. (*See* S.D. Ala. Case No. 1:07-cv-00196 PageID.537).

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).[4] § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct.

---

[4]

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

2641, 162 L. Ed. 2d 480 (2005); see also *Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam). *See also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

"[C]ourts must look to the *judgment* challenged to determine whether a petition is second or successive." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (per curiam) (citing *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010)). Moreover, "the phrase 'second or successive' applies to habeas *petitions*, not to the *claims* they raise"—that is, " 'the phrase "second or successive" applies to an *application* as a whole[.]' " *Id.* at 1279 (alteration added) (quoting *Magwood*, 561 U.S. at 335 n.10). Because Williams's present habeas petition challenges the same Baldwin County criminal judgment as his 2007 habeas petition, which was adjudicated on the merits, the present petition is successive.[5]

---

[5] "[S]econd or successive status … attaches to a judgment on the merits" in a federal § 2254 habeas case. *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014). Dismissal of a habeas claim as procedurally defaulted is a judgment on the merits. *See Young v. Sec'y, Fla. Dep't of Corr.*, 697 F. App'x 660, 661 (11th Cir. 2017) (per curiam) (unpublished) (affirming dismissal of unauthorized second or successive habeas petition where petitioner's first habeas petition was denied as procedurally defaulted, noting that "[e]very other circuit that has considered the application of a similar procedural bar has held that a denial on grounds of

Generally, "a district judge lacks jurisdiction to decide a second or successive petition filed without [the] authorization" of the court of appeals, *Insignares*, 755 F.3d at 1278; *accord Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition." (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam)), and nothing in the record indicates that Williams has received such authorization from the Eleventh Circuit Court of Appeals.[6] Accordingly, Williams's present habeas petition (Doc. 1) is due to be **DISMISSED without prejudice** for lack of jurisdiction as an unauthorized successive petition.[7]

---

unexcused procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition ... 'second or successive' for purposes of the AEDPA" (quotation omitted) (citing cases)).

In 2009, Williams filed a habeas petition with the Court challenging the same Baldwin County criminal judgment as he did in 2007 and does here. The 2009 petition was dismissed as an unauthorized second or successive petition, and Williams did not appeal that decision. (*See* S.D. Ala. Case No. 1:09-cv-00174).

[6] The appeals court letter directing that the present petition be transferred to this Court (Doc. 1-1, PageID.14) does not constitute such authorization. That unsigned letter appears to have been issued by the Office of the Clerk of Court for the Eleventh Circuit, rather than a "three-judge panel" as the statute requires. *See* 28 U.S.C. § 2244(b)(3)(B). Moreover, the letter does not purport to make any determination that the petition "makes a prima facie showing that [it] satisfies the requirements of" § 2244(b). *See id.* § 2244(b)(3)(C).

[7] Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Assuming without deciding that § 1631 permits district courts to construe a "second or successive" application as a motion to obtain authorization for consideration of such an application and to transfer it to the appropriate circuit court of appeals, or alternatively that a district court may

### b. Certificate of Appealability

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2254 case. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

### c. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless,

---

stay consideration of a "second or successive" application while the applicant seeks authorization from the circuit court, *see Guenther v. Holt*, 173 F.3d 1328, 1330 & n.4 (11th Cir. 1999) (noting that other circuits permit these procedure but finding it unnecessary to decide whether they "would be viable as an abstract matter"), such a transfer or stay is only warranted "in the interest of justice." *See id.* at 1330-31.

The interest of justice does not warrant a § 1631 transfer or a stay here. First, the Eleventh Circuit chose not to construe Williams's petition as a motion for authorization to file a second or successive petition, instead directing that it be transferred here. Second, Williams has not alleged facts or offered argument plausibly suggesting that either of the two statutory grounds for bringing a second or successive petition is present. *See* n.4, *supra.*

where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

As the habeas petition in this action is an unauthorized successive petition, dismissal without prejudice is clearly warranted under established law. Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by Williams of the judgment in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[8]

## II.   *Conclusion & Recommendations*

In accordance with the foregoing analysis, it is **RECOMMENDED** that Williams's petition for a writ of habeas corpus under 28 U.S.C. § 2254 dated February 3, 2022 (Doc. 1), be **DISMISSED without prejudice** for lack of jurisdiction, and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58. It is further **RECOMMENDED** the Court certify that any appeal by Williams of the judgment in this action would be without merit and therefore not taken in good faith.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything

---

[8] Should this Court deny leave to appeal *in forma pauperis*, the petitioner may seek such leave by filing a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals. *See* Federal Rule of Appellate Procedure 24(a)(5).

in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

### III. *Directives to the Clerk*

The Clerk of Court is **DIRECTED** to send a copy each of Docs. 11, 16, and 17 from S.D. Ala. Case No. 1:07-cv-00196 to Williams along with this Report and Recommendation. Further, in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk of Court is **DIRECTED** to serve a copy each of the petition (Doc. 1), the Court's referral order

(Doc. 2), and this Report and Recommendation on the Attorney General of the State of Alabama.

**DONE** this the 20th day of April 2022.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**